The Honorable Mark Stodola Prosecuting Attorney Sixth Judicial District 122 South Broadway Little Rock, Arkansas 72201
Dear Mr. Stodola:
This is in response to your request for an opinion regarding the Arkansas "Freedom of Information Act" ("FOIA"), A.C.A.25-19-101 to -107 (Repl. 1992 and Supp. 1993). In your correspondence, you specifically reference section 25-19-105
(Supp. 1993) of the act, which relates to public access to records that fall within the scope of the FOIA and provides:
 (a) Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
* * *
 (d) Reasonable access to public records and reasonable comforts and facilities for the full exercise of the right to inspect and copy those records shall not be denied to any citizen.
 (e) If a public record is in active use or storage and, therefore, not available at the time a citizen asks to examine it, the custodian shall certify this fact in writing to the applicant and set a date and hour within three (3) working days, at which time the record will be available for the exercise of the right given by this chapter. [Emphasis added.][1]
With respect to the foregoing section of the FOIA, you have asked for an opinion on several questions, which I will set forth below and address in the order posed. Some of your questions have been restated in part for purposes of clarity.
1. Is it presumed that "public records" under the FOIA will be available for public inspection and copying at the time a request for such records is made?
In my opinion, the answer to this question is generally "yes," unless the public records are in "active use or storage."[2] Section 25-19-105 of the FOIA, as set forth above, clearly contemplates that public records will be made available immediately upon request unless the records are in active use or storage, in which case the custodian of the records must certify this fact in writing to the requester and set a date and hour within three (3) working days, at which time the records will be made available for inspection and copying. A.C.A.25-19-105(e). However, while immediate access is contemplated by the FOIA, this requirement must be viewed in light of the particular circumstances surrounding each FOIA request. For example, in certain cases, it may be that a search for the requested documents will take some time (such as where a voluminous amount of records has been requested and yet the records are not considered to be "in storage" for purposes of25-19-105(e)) or that it is necessary for the custodian to review the records (perhaps in consultation with legal counsel) in order to determine if there is any exempt information contained therein which must be excised prior to disclosure. The custodian of the records should, under these and other similar circumstances, be afforded a reasonable time in order to comply with an FOIA request. This "reasonable" amount of time, however, may or may not equal a three day interval, depending on the circumstances of a particular request.
See also A.C.A. 25-19-105(c)(1) regarding specific conditions for release of "employee evaluation or job performance records."
2. When is a "public record" considered to be in "active use or storage" for purposes of A.C.A. 25-19-105(e) and therefore not available for public inspection at the time a request for the record is made?
It should be noted initially that the term "active use and storage," as it appears in A.C.A. 25-19-105(e), has not been defined by the legislature, and thus this office cannot provide a controlling definition of a term where the legislature has not seen fit to provide one. It appears, however, that the term "active use," while not defined in the FOIA, refers generally to those records which at the time of the FOIA request are being utilized by agency employees in the performance of their official functions or duties. The term "storage," again not defined in the act, refers generally, in my opinion, to those records which at the time of the FOIA request are located in a place which makes immediate access impossible or impractical. While the foregoing generalizations may provide some guidance, it should be noted that, ultimately, each case will turn on its own specific facts, thus requiring a determination on a case by case basis.
3. Whether there exists a presumption that an agency subject to the FOIA has three working days in which to provide a response to an FOIA request for "public records," or whether there is a presumption that the requester is entitled to reasonable access either immediately or at a reasonable time which does not interrupt the normal working environment of the public agency, provided that the records do not meet the definition of being in "active use or storage"?
As stated in my response to your first question, the FOIA clearly contemplates immediate access (viewed in light of the practical considerations noted in response to question one), unless the records are in active use or storage. In my opinion, there certainly exists no "presumption" under the FOIA that an entity subject to the act has three working days in which to respond to each and every request made under the FOIA.
The "three-day" rule applies only if the records are in active use or storage. To interpret the FOIA as allowing a standard "three-day" policy for all requests, thus allowing an entity subject to the act to forgo making any determinations with respect to the status of the particular record that has been requested, would, in my opinion, effectively nullify section25-19-105(e) and violate both the letter and spirit of the act.
4. If an agency subject to the FOIA has developed an administrative policy concerning responses to FOIA requests for "public records" which first requires legal counsel for the agency to determine whether the request is valid, does the legal counsel for the agency have three working days from the date of the original request to prepare a formal response and deliver the information as to access to the requester? Assuming a policy exists, would this policy be in conformance with the provisions of A.C.A. 25-19-105(a)?
As stated previously, if public records are not in active use or storage, the act contemplates that immediate access to the records be granted, or access granted as quickly as the records can be reasonably collected and their status determined. As such, it is my opinion that a standard "three-day" policy for all requests would be contrary to the provisions of the FOIA. A "reasonable" period should be allowed for legal counsel to address legitimate questions of releasability and for the custodian of the records to comply in an orderly fashion; what is reasonable in this regard can only be addressed on a case by case basis.
5. If an agency subject to the FOIA has a tracking procedure whereby FOIA requests for public records are routinely logged in with a three day "response due date" noted, would such a procedure be in non-conformance with the provisions of A.C.A.25-19-105(a)?
In my opinion, any agency directive which establishes a standard "three-day" policy for all FOIA requests, irrespective of whether the public records are in active use or storage, is contrary to the provisions of the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] As used in this section and in other provisions of the FOIA, the term "public records" means:
 . . . writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. 25-19-103(1) (Repl. 1992).
[2] There are different rules, however, for "personnel" and "evaluation" records, and thus, this opinion should not be construed to apply to such records. In this regard, A.C.A.25-19-105(c)(3)(A) (B) provide:
 (A) Upon receiving a request for the examination or copying of personnel or evaluation records, the custodian of the records shall, within twenty-four (24) hours of the receipt of the request, determine whether the records are exempt from disclosure and make efforts to the fullest extent possible to notify the person making the request and the subject of the records of that decision.
 (B) If the subject of the records cannot be contacted in person or by telephone within the twenty-four hour period, the custodian shall send written notice via overnight mail to the subject of the records at his last known address. Either the custodian, requester, or the subject of the records may immediately seek an opinion from the Attorney General who, within three (3) working days of receipt of the request, shall issue an opinion stating whether the decision is consistent with this chapter. In the event of a review by the Attorney General, the custodian shall not disclose the records until the Attorney General has issued his opinion.